**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.**

JOSHUA MACKO,

    Plaintiff,

v.

ST. LUCIA EXPRESS FREIGHT SERVICES, INC.
and DAVID KELLY

    Defendants.
_____/

**COMPLAINT**

Plaintiff, JOSHUA MACKO, by and through his undersigned attorney, files this Complaint against Defendants, ST. LUCIA EXPRESS FREIGHT SERVICES, INC. and DAVID KELLY, stating as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Corporate Defendant, ST. LUCIA EXPRESS FREIGHT SERVICES, INC is a business which provides shipping services. By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Corporate Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Upon information and belief, Corporate Defendant exceeds the $500,000 annual gross revenue threshold needed to be covered under the FLSA.

6. Individual Defendant, DAVID KELLY, is the owner and/or President of the Corporate Defendant. Defendant is considered an employer under 29 U.S.C. §203.

7. Plaintiff was an employee of Defendants. He worked at Defendants' facility, was paid by Defendants, and performed work directly for Defendants. Further, Individual Defendant directly gave instruction to Plaintiff and made all decisions concerning Plaintiff's pay.

8. At all times material, Plaintiff was and is a resident of Miami, FL.

9. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

10. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

## FACTS

11. Plaintiff was hired by Defendant in 2011 and was labeled a manager over the relevant time period of this complaint. His employment ended on or about January 2019.

12. Despite the title of "manager" Plaintiff was not in charge of other employees. He did not have the power to direct other employees, hire or fire them, dispense discipline/commendation, or handle any financial matters.

13. Plaintiff's job duties included loading cargo with a forklift, receiving trucks and parcels, data entry, label making, repacking furniture, shrink wrapping, making and repairing wooden pallets, and cleaning. He did not have the power to bind the company in any way.

14. Plaintiff's title was labeled exempt from FLSA overtime laws by Defendants. However, the job does not qualify for any FLSA exemption.

15. Plaintiff was not paid a salary for his work, though it sometimes appeared that way. Plaintiff was paid an hourly rate of $19, then $20, and then $18.67 usually for a fixed hourly total for several weeks. This fixed hourly total had nothing to do with Plaintiff's actual hours worked.

16. Further complicating the issue, Plaintiff was often paid a separate check in addition to his regular pay check. The amounts for these side checks were inconsistent and were not part of the regular payroll.

17. Plaintiff was made to work well in excess of 40 hours per week. His work week was usually 10 hour working days, five days per week with regular Saturday hours at least twice per month. As an estimate, Plaintiff regularly worked approximately 52.5 hours per week. This includes pro-rata Saturday estimates.

18. Plaintiff was not given appropriate additional compensation for this extra 12.5 hours of work per week.

19. The FLSA mandates that an unexempt employee be paid 1.5x the regular rate of pay for any hours worked over 40 in a work week. Plaintiff's regular rates of pay were $19, $20, and $18.67 per hour. Based on the regular rates, Plaintiff's overtime rates should have been $28.50, $30.00 and $28.00 per hour, respectively.

20. For approximately 12.5 hours per week, this results in an underpayment of $49,843.75. Over the course of his employment, an estimate of his unliquidated damages is calculated as follows:

    a. 35 weeks x $28.50 x 12.50 hours = $12,468.75

    b. 52 weeks x $28.50 x 12.50 hours = $18,525.00

    c. 26 weeks x $30.00 x 12.50 hours = $9,750.00

    d. 26 weeks x $28.00 x 12.50 hours = $9,100.00

21. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and are liable for monetary damages.

22. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendants.  However, Defendants did not accurately record the hours worked by Plaintiff thus Defendants are not likely able to produce an accurate account of the hours actually worked by Plaintiff.

23. In determining payment policies, specifically declaring the position of manager to be an exempt position, Defendants did not consult an attorney.

24. In determining payment policies, specifically declaring the position of manager to be an exempt position, Defendants did not consult an accountant.

25. By intentionally failing to properly determine whether overtime laws apply to Plaintiff, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

26. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA.

28. During his employment, Plaintiff worked in excess of forty (40) hours per week for

which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all hours worked.

29. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

30. Defendants failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

31. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

32. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

33. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

35. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

37. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff, JOSHUA MACKO, respectfully requests that judgment be entered in his favor against Defendants as follows:

A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiff post-judgment interest; and

F. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 5/17/2019.

                                                Respectfully submitted,

                                                __/s/ R. Edward Rosenberg__
                                                R. Edward Rosenberg, Esquire
                                                Fla. Bar No.: 88231
                                                Sorondo Rosenberg Legal PA
                                                1825 Ponce de Leon Blvd. #329
                                                Coral Gables, FL 33134
                                                E: rer@sorondorosenberg.com
                                                T: 786.708.7550
                                                F: 786.204.0844

                                                Attorney for Plaintiff